## McClain v. Northumberland County

*J. Mettler Pensyl*, for plaintiff.
*Carl Rice*, for defendant.

MORGANROTH, P. J., March 9, 1942.—Charles B. McClain brought his action against the County of Northumberland and claimed for mileage traveled as a special deputy sheriff in serving various writs issued out of the several courts of Northumberland County to the high sheriff and in the transportation of prisoners. It was finally agreed that the case be tried before a judge without a jury. Subsequently plaintiff died, and his executrix was substituted as plaintiff.

Counsel agreed on the pertinent facts, as follows: Plaintiff served as an unsalaried special deputy sheriff in the office of Albert L. Landis, High Sheriff of Northumberland County from September 16, 1936, until the first day of January 1940, and as said deputy sheriff he served various writs issued out of the several courts of Northumberland County, and also transported prisoners to and from various public institu-

tions. In the performance of his duties plaintiff was obliged to and did maintain an automobile for the purpose of serving said writs and the transportation of prisoners. In accordance with the Act of June 1, 1933, P. L. 1141, Albert L. Landis charged and received for the execution of all writs, as well as for the transportation of prisoners by plaintiff, the sum of 10 cents per circular mile traveled in each case. From on or about January 1, 1937, to July 1, 1938, plaintiff executed and served various writs and commitments and transported prisoners as set forth in an itemized statement attached to the statement of claim, which itemized statement showed that he received 6 cents per mile circular traveled in each case, and claimed a balance due of 4 cents per mile circular traveled in each case, to wit, a total balance due of $958.48.

Counsel for plaintiff also read into the record paragraph 10 of plaintiff's statement of claim. The paragraph alleged that "the County of Northumberland became and is liable to pay the said plaintiff for the mileage traveled, as well as for all services performed by the plaintiff . . . the additional sum of 4 cents per mile traveled, as well as for all moneys due the plaintiff for said services rendered and performed." This paragraph was read into the record by mistake, as it was not contended by counsel for plaintiff at argument that the county had admitted the claim and was prevented from presenting its case by reason thereof.

The only question involved is whether or not an unsalaried special deputy sheriff is entitled to receive 10 cents per mile for each circular mile necessarily traveled by him in serving writs and transporting prisoners at the direction of the sheriff.

Section 1 of the Act of May 20, 1921, P. L. 1006, provides:

"That in all counties of the fifth class, all fees, commissions, and emoluments, limited and appointed by law to be received by each and every county officer whose salary is fixed by this act . . . which they shall be legally authorized, required, or entitled to charge or receive, shall belong to the county in and for which they are severally elected or appointed; and it shall be the duty of each of said officers to exact, collect, and receive all such fees, commissions, and emoluments, to and for the use of their respective counties . . ."

The act further provides (section 11) that the annual salary of the sheriff shall be $4,000; that (section 6) each county officer whose salary is fixed by this act shall appoint and may dismiss the deputies or clerks of his office; and that (section 7) the salary board of the county shall ascertain and determine the number of deputies or clerks required for the proper dispatch of business by each of such officers, and fix the salaries of said clerks and deputies.

It was the testimony of the sheriff that plaintiff was paid only for the days he worked; that there was no regular compensation; and that there was no agreement as to what plaintiff's expenses would be, and that when plaintiff served writs mileage was charged and paid to the county. The sheriff further testified that at the end of every month on his expense sheet he made all legitimate charges for expense, that the county paid to him whatever expenses were involved, and that he then paid plaintiff for whatever "cases he was on" at the rate of 6 cents per mile circular, for the reason that 6 cents per mile circular was all the expense he was allowed by the controller. The sheriff also testified that there was no agreement between himself and plaintiff that he was to receive 10 cents per mile circular. Plaintiff was paid $5 for every eight hours that he worked, and if he had expenses

for meals and hotel, he was reimbursed. If he used his automobile, he was paid for the mileage traveled at the rate prescribed by the county controller.

These payments to plaintiff, as testified to by the sheriff, were in accordance with the Act of June 1, 1933, P. L. 1141, sec. 1(*l*), which provides:

"For each special deputy appointed by any sheriff, in case of any emergency, to assist him in executing any civil or criminal process or court order, or preserving the peace, such sheriff may charge and shall receive from the county compensation for such deputy, at the rate of five dollars for eight hours' service, in addition to the expenses incurred for the transportation and subsistence of such deputy while rendering such service."

It is clear that since the passage of the Act of May 20, 1921, supra, all fees and emoluments received by the sheriff shall belong to the county (Benson, Sheriff, v. Bradford County et al., 326 Pa. 454) ; and that the regular deputies appointed by the sheriff shall receive their salaries as fixed by the salary board directly from the county. Special deputies appointed by the sheriff may receive only expenses in addition to their per diem compensation. Neither regular nor special deputies in this county are entitled to mileage or other fees.

The sheriff properly collected 10 cents per mile circular for each mile traveled by his special deputy and paid the mileage fees received to the county. It is evident that 6 cents per mile circular for each mile traveled was the amount arrived at as the expense of operating the deputy's automobile. His claim, however, must rest upon actual expenses, and, if the amount paid him did not cover his actual outlay for travel, he can not collect additional expenses either from the sheriff who employed him or from the county, on the basis of mileage. There was no evidence adduced of the actual expenses of travel, and there is no contention that

the actual expenses amounted to the equivalent of 10 cents per mile circular for each mile traveled.

And now, March 9, 1942, for the reasons hereinabove given, the court is of opinion that defendant, the County of Northumberland, is entitled to judgment. The prothonotary is ordered and directed to give notice to counsel of record for plaintiff and defendant of this decision, and if no exceptions thereto are filed within 30 days after service of such notice the prothonotary is herewith ordered and directed to enter judgment in favor of said defendant, the County of Northumberland.